Henry A. Proesel, Plaintiff-Appellant, v. Myers Publishing Co., a Corporation, and Edward F. Ream, Jr., Defendants-Appellees.

Gen. No. 49,358.

First District, Fourth Division.

May 6, 1964.

Ancel, Stonesifer & Riley, of Chicago (Louis Ancel and Francis X. Riley, of counsel), for appellant.

Kurt J. Salomon, Otto J. Rouse, and Arthur Abraham, all of Chicago, for appellees.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

In his second amended complaint plaintiff sought $250,000 in damages from defendants for the publication of libelous newspaper articles. This complaint was dismissed by the trial court, but the dismissal was reversed and the cause remanded for further proceedings consistent with the views expressed by this court in its opinion. Proesel v. Myers Pub. Co., 24 Ill App2d 501, 165 NE2d 352 (1960). The case now returns to us on appeal from a judgment on the pleadings in favor of defendants.

The details of the complaint were fully set forth in the opinion referred to, and we shall not repeat them here. This court found at that time that the language of the published articles was capable of two meanings, one libelous per se and the other not, and held that under such circumstance the question raised was one of fact to be determined by the jury.

Similarly, it was held that the complaint also raised an issue of fact for the jury as to whether or not the words in question had been written of and concerning the plaintiff.

Finally, this court held that the defense of fair comment or criticism directed against the actions of a public official * was not available when predicated upon false statements, and that defendants' motions to dismiss admitted (for the purpose of the pleading question thus raised) the truth of the complaint's allegation that the published statements were false.

At that stage of the litigation this court's opinion became the law of the case, and in the conduct of further proceedings the trial court was bound to follow the principles therein set forth. This rule, however, is subject to the exception that the law of the case must be considered modified by pertinent decisions of higher courts handed down thereafter. Presbyterian Distribution Serv. v. Chicago Nat. Bank, 36 Ill App2d 1, 3, 183 NE2d 525; Zerulla v. Supreme Lodge Order Mut. Protection, 223 Ill 518, 520, 79 NE 160; Awotin v. Atlas Exchange Nat. Bank, 275 Ill App 530, 546.

While the cause was pending on remand in the trial court, the Supreme Court decided the case of John v. Tribune Co., 24 Ill2d 437, 181 NE2d 105 (1962), and in its opinion expressed views contrary to the basic doctrines which had been declared by this court in its Proesel opinion. The Supreme Court held that the determination of whether an article is "of and concerning" the plaintiff is not a question of fact for the jury, but, rather, a question of law for the court. It also held that it is for the court to decide whether the articles complained of are libelous per se; and, in this regard, held that the appropriate rule of construc-

_____
* Plaintiff was President of the Village of Lincolnwood.

tion "requires that words allegedly libelous that are capable of being read innocently must be so read and declared nonactionable as a matter of law." (Page 442.)

In the instant case, on motion of defendants for judgment on the pleadings, the trial court then addressed itself to the questions of law raised in the complaint, and, after giving express recognition to the dictates of the John decision, resolved the issues in favor of defendants and entered judgment accordingly.

In our opinion the trial court properly interpreted the precepts of the John opinion and on the basis of that precedent alone the judgment should be affirmed. If, contrary to our conclusion, there were left any room for argument, the memorable decision of the United States Supreme Court in New York Times Co. v. Sullivan, 376 US 254, 11 L Ed2d 686, 84 S Ct 710 (1964), would have effectively disposed of this case beyond dispute. It was there held on constitutional grounds that the publication of false and defamatory statements criticizing a public official's conduct in office was not actionable in the absence of proof of actual malice. Subjected to this test, the allegations of the complaint in the case before us are markedly deficient.

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.