*In re* MARRIAGE OF ARLENE WOJCICKI, Petitioner-Appellee, and ROBERT WOJCICKI, Respondent-Appellant.

First District (1st Division)   Nos. 83—2331, 84—1571 cons.

Opinion filed July 22, 1985.

Melvyn H. Berks, of Des Plaines, for petitioner.

Kirsh & Berman, Ltd., of Chicago, for respondent.

JUSTICE O'CONNOR delivered the opinion of the court:

These appeals involve the disposition of certain jointly owned properties located in Schaumburg and in the State of Wisconsin, which were awarded respondent, Robert Wojcicki, upon the dissolution of the parties' marriage in March 1981. At that time, petitioner, Arlene Wojcicki, was required to quitclaim her interests in the subject properties to respondent. The trial court's ruling was affirmed by this court on September 27, 1982, in *In re Marriage of Wojcicki* (1982), 109 Ill. App. 3d 569, 440 N.E.2d 1028, and the supreme court denied leave to appeal (92 Ill. 2d 579). At that time, this court dissolved a

previously entered stay of that part of the judgment order which required petitioner to quitclaim her interests in the Wisconsin property. Thereafter, on November 4, 1982, respondent filed a motion praying that petitioner be ordered to execute the required quitclaim deeds, and that a rule to show cause be entered if she failed to do so. An order was entered to that effect on December 19, 1982; however, petitioner refused to execute the deeds as ordered, based on an unrelated appellate court opinion filed December 28, 1982, which, she claimed, prohibited the trial court from enforcing the Wojcicki judgment as affirmed. (See *In re Marriage of Voight* (1982), 111 Ill. App. 3d 623, 444 N.E.2d 694.) The trial court accepted petitioner's argument and ordered the previously entered rule discharged on March 1, 1983.

On March 15, 1985, respondent filed a motion for reconsideration of the court's ruling. Prior to a decision on respondent's motion, petitioner filed a complaint for partition of the Schaumburg property in the circuit court of Cook County, chancery division, and the trial court in the post-dissolution proceedings reserved ruling on respondent's motion for reconsideration pending the outcome of the partition action. Summary judgment was granted in favor of the respondent in the partition action based on that court's belief that it was bound by the dissolution court's factual findings, as affirmed on appeal, with respect to ownership of the subject parcels. Respondent again brought his motion for reconsideration in the post-dissolution proceedings, which was denied on May 31, 1984. Respondent appeals that court's decision. At the same time, petitioner appeals from the chancery court's granting of summary judgment for respondent in the partition action. Both appeals were consolidated by this court.

Respondent first argues that this court's ruling in *Wojcicki* constituted the law of the case, and that where, as here, a proper pleading was presented seeking enforcement of an appellate court's mandate, the trial court had no authority to refuse enforcement of the judgment. *Proesel v. Myers Publishing Co.* (1964), 48 Ill. App. 2d 402, 199 N.E.2d 68. See also *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 427 N.E.2d 563.

Petitioner's argument, which was accepted by the court in the post-decree proceedings, is that pursuant to the appellate court's opinion in *In re Marriage of Voight* (1982), 111 Ill. App. 3d 623, 444 N.E.2d 694, the trial court in the instant case had no authority to order her conveyance of nonmarital property to respondent. On the same grounds, she argues that the chancery court in the partition action was not restricted by the decision of the dissolution court with respect to the subject property. Petitioner contends that *Voight* over-

ruled *Wojcicki* and that the law of the case does not apply where the declared law is erroneous and where enforcement as such would work an injustice.

Contrary to petitioner's contention, *Voight* does not overrule *Wojcicki*, nor do we believe that the general rule relied upon by the court in *Voight* was intended to apply to a factual situation such as the one before us; however, to the extent that *Voight* can be interpreted to so hold, we are not bound by that court's decision and we choose not to follow it. See *Proesel v. Myers Publishing Co.* (1964), 48 Ill. App. 2d 402, 198 N.E.2d 68 (the law of the case must be considered modified by pertinent decisions of *higher* courts handed down thereafter).

Petitioner and respondent were married in August 1975 and resided together as husband and wife for approximately four years. Each party had entered into the marriage with substantial property, including those properties which are the subject of the instant appeal. The trial court in the dissolution proceedings heard extensive evidence with respect to ownership of, and control over the subject parcels, and found that respondent's contributions in both money and physical labor to the properties, which he had purchased with his previous wife some 15-20 years prior to his marriage to petitioner, far outweighed any contributions which could be credited to petitioner during the parties' brief marriage. The court also heard respondent's testimony that his sole motivation for transferring title to the properties into joint tenancy with petitioner was to avoid the type of difficulties in succeeding to title in the event of one of their deaths which he had encountered after the death of his first wife. Based on the evidence, the trial court found the real estate in question to be solely respondent's nonmarital property and ordered petitioner to convey over her interests. This court affirmed that ruling on appeal. *In re Marriage of Wojcicki* (1982), 109 Ill. App. 3d 569, 440 N.E.2d 1028.

Subsequent to this court's ruling, but prior to petitioner's conveyance of the subject properties, the appellate court issued its decision in *In re Marriage of Voight* (1982), 111 Ill. App. 3d 623, 444 N.E.2d 694. In that case, petitioner-counterrespondent, William, purchased a house with nonmarital funds shortly prior to his marriage to respondent-counterpetitioner, Irene. According to William, he was pressured into transferring the property into joint tenancy with Irene with promises that she would grant him interests in other properties which she owned exclusively. Upon the dissolution of the parties' marriage, the trial court heard conflicting testimony with respect to the parties' contributions, both financial and physical, to the property. The court then found the subject parcel to be William's nonmarital property, or-

dered Irene to quitclaim her interests to William, and denied her petition for partition. The appellate court reversed the order requiring Irene to transfer her joint interest in the property to William, stating, "Where the property is nonmarital, the trial court has no general discretion to alter the fixed separate interests of the parties as it has in the case of marital property held in co-ownership." (*In re Marriage of Voight* (1982), 111 Ill. App. 3d 623, 627.) The court further directed the trial court upon remand to consider an equitable property distribution in light of its order and suggested that the court could at that time entertain Irene's petition for partition of the property. Citing Ill. Ann. Stat., ch. 40, par. 544, Historical & Practice Notes (Smith-Hurd 1980), the court noted, "Although the right of partition has been changed by the legislature as it relates to marital property, the right to partition of nonmarital property interests continues to be an appropriate action under the Act." (*In re Marriage of Voight* (1982), 111 Ill. App. 3d 623, 627.) The notes themselves, however, suggest that partition actions would be continued to be appropriate in such instances where, for example, division is sought as to property which the parties acquired either in co-ownership prior to the marriage, or during the marriage by inheritance or gift from a third party. Ill. Ann. Stat., ch. 40, par. 514, Historical & Practice Notes, at 797 (Smith-Hurd 1980).

We find that this section cannot logically be applied to a situation such as the instant one, where the trial court in the dissolution action, after a full factual hearing, determined that the presumption of marital property had been conclusively rebutted and that exclusive ownership of the subject property belonged to respondent. As noted by this court in *In re Marriage of Peshek* (1980), 89 Ill. App. 3d 959, 412 N.E.2d 698, divisions of the circuit court have equal and concurrent subject matter jurisdiction, and "[w]here two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts in Illinois having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the entire controversy to the exclusion of all coordinate courts." (89 Ill. App. 3d 959, 967, citing *People ex rel. East Side Levee & Sanitary District v. Madison County Levee & Sanitary District* (1973), 54 Ill. 2d 442, 298 N.E.2d 177.) From the aforesaid, it is clear that a trial judge in the domestic relations division of the circuit court constitutionally has jurisdiction to hear all justiciable matters. (*In re Marriage of Peshek* (1980), 89 Ill. App. 3d 959, 412 N.E.2d 698; *Lescher v. Barker* (1978), 57 Ill. App. 3d 776, 373 N.E.2d 1007, *ap-*

*peal denied* (1978), 71 Ill. 2d 609.) *Peshek* further states, "Once jurisdiction is obtained, the court's ability to act in granting relief available under the Illinois Marriage and Dissolution of Marriage Act is governed by the provisions of the Act \*\*\*. However, this does not limit the court's equity power to effectuate compliance with the Act." *In re Marriage of Peshek* (1980), 89 Ill. App. 3d 959, 968, 412 N.E.2d 698.

■ We believe that both law and the efficient administration of justice require a conclusion contrary to that reached by the court in *Voight*. Our decision is further buttressed by the recent revision to section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 503), effective August 19, 1983, which states as follows:

"(7)(c) Commingled marital and non-marital property shall be treated in the following manner, unless otherwise agreed by the spouses:

(1) When marital and non-marital property are commingled by contributing one estate of property into another resulting in a loss of identity of the contributed property, the classification of the contributed property is transmuted to the estate receiving the contribution, subject to the provisions of paragraph (2) of this subsection; provided that if marital and non-marital property are commingled into newly acquired property resulting in a loss of identity of the contributing estates, the commingled property shall be deemed transmuted to marital property, subject to the provisions of paragraph (2) of this subsection.

(2) When one estate of property makes a contribution to another estate of property, or when a spouse contributes personal effort to non-marital property, the contributing estate shall be reimbursed from the estate receiving the contribution notwithstanding any transmutation; provided, that no such reimbursement shall be made with respect to a contribution which is not retraceable by clear and convincing evidence, or was a gift, or, in the case of a contribution of personal effort of a spouse to non-marital property, unless the effort is significant and results in substantial appreciation of the non-marital property. Personal effort of a spouse shall be deemed a contribution by the marital estate. The court may provide for reimbursement out of the marital property to be divided or by imposing a lien against the non-marital property which received the contribution.

(d) In a proceeding for dissolution of marriage or declaration of invalidity of marriage, or in a proceeding for a disposition of

property following dissolution of marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall assign each spouse's non-marital property to that spouse."

Paragraph (c), which is completely new and adopts a theory of transmutation of nonmarital to marital property, provides, however, for the reimbursement of the nonmarital estate where such reimbursement is feasible and practicable. Paragraph (d), which provides for the assignment to each spouse of his or her nonmarital property, must therefore be interpreted in light of the clear legislative intent expressed in paragraph (c). Under the holding of *Voight*, however, where nonmarital property is held jointly, the noninterested party cannot be forced to transfer his or her interest to the true owner of the nonmarital property, a result which renders meaningless a rebuttal of the presumption of marital property. Furthermore, to apply the conclusion reached in *Voight* in light of the legislative mandate of paragraph (c) would result in holding that a party who has contributed nonmarital property into a marital estate must receive back or be reimbursed for that nonmarital property at the same time that a party who has never transmuted or contributed his or her nonmarital property to such a marital estate cannot receive that property free and clear of any claim of his or her former spouse merely because legal title to the property is held jointly.

We do not believe that such a result was intended by the legislature, and, accordingly, we affirm the chancery court's judgment in No. 83—2331, granting summary judgment in favor of respondent in the partition action, and we reverse and vacate the trial court's orders in No. 84—1571, in which it discharged the rule to show cause against petitioner and denied respondent's motion for reconsideration. This cause is remanded with specific orders that petitioner execute all documents necessary to convey to respondent all of her right, title and interest in and to the real estate held by the parties hereto located in Schaumburg and in the State of Wisconsin.

Affirmed in part, reversed in part and remanded.

CAMPBELL and BUCKLEY, JJ., concur.