**Murray S. JACOBSON, Plaintiff-Appellant,**

v.

**VILLAGE OF NORTHBROOK MUNICIPAL CORPORATION, Defendant-Appellee.**

No. 87–1021.

United States Court of Appeals, Seventh Circuit.

Submitted June 18, 1987.[*]

Decided July 20, 1987.

Rehearing Denied Aug. 24, 1987.

---

[*] After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice

Murray S. Jacobson, Chicago, Ill., for plaintiff-appellant.

Clifford L. Weaver, Burke, Bosselman & Weaver, Chicago, Ill., for defendant-appellee.

Before CUDAHY, POSNER and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Murray Jacobson appeals *pro se* from the district court decision denying relief under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted. For the reasons stated below, we dismiss the complaint on abstention grounds.

## I.

The plaintiff was ticketed on several occasions by the Village of Northbrook police for failing to display a Northbrook vehicle sticker. Northbrook Mun.Code, ch. 14.5. The plaintiff's car is registered under his business name and, as a result, he has a vehicle sticker for another town where his business is located—he does not have a Northbrook permit. Because the plaintiff chose not to pay the fines for the tickets, state court enforcement proceedings were instituted against him in Cook County. Instead of defending against these charges in state court, the plaintiff filed a complaint in federal court claiming that the ordinance is unconstitutional and that the Village officials have violated his constitutional rights by harassing him, that is, by repeatedly issuing him tickets.[1] He thus seeks to enjoin enforcement of the ordinance and to recover damages for the alleged harassment.[2] The Village officials argued below that the court should abstain from deciding the issue given the existence of state court proceedings. The district court dismissed the complaint on the grounds that the plaintiff failed to state a claim for relief under § 1983.[3]

## II.

In light of the state enforcement proceedings in this case, we must consider, as

---

provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R. App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

**1.** The district court properly construed the latter argument, based on allegations of harassment, as a due process claim. *See, e.g., Cameron v. Commissioner,* 773 F.2d 126, 129 (7th Cir.1985); *Vasquez v. City of Hamtramck,* 757 F.2d 771, 773 (6th Cir.1985).

**2.** We take judicial notice of the fact that on February 3, 1987,. well after this federal action was commenced, a default judgment was entered against the plaintiff on the three tickets disputed in this case. *See E.I. Dupont de Nemours v. Grasselli,* 790 F.2d 611, 617 n. 2 (7th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 186, 23 L.Ed.2d 120 (1986). On the Village prosecutor's motion, a fine of $95.00 was imposed for nonpayment on each of three tickets in the Traffic Division of the Second Municipal District of the Circuit Court of Cook County. The plaintiff has not, as of the date of this opinion, moved to vacate the default judgment.

**3.** Since we may affirm the district court decision to dismiss on any ground which finds support in the record, we dispose of the case on abstention grounds rather than on the merits of the plaintiff's claims. *See Martinez v. United Automobile, Aerospace & Agricultural Implement Workers,* 772 F.2d 348, 353 (7th Cir.1985).

a threshold matter, whether the doctrine of abstention should be applied to preclude federal court review of the plaintiff's claims. In the seminal case of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court held, based on longstanding principles of comity and federalism, that federal courts should refrain from enjoining state criminal prosecutions. *Brunken v. Lance*, 807 F.2d 1325 (7th Cir.1986); *W.C.M. Window Co. v. Bernardi*, 730 F.2d 486, 490 (7th Cir.1984). The doctrine has been extended to apply to quasi-criminal proceedings of the sort involved here and to civil proceedings which implicate certain important state interests. *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, —— U.S. ——, 106 S.Ct. 2718, 2722–23, 91 L.Ed.2d 512 (1986); *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982); *Brunken*, 807 F.2d at 1330. We also note initially that the *Younger* doctrine applies where the state proceedings are begun against the federal plaintiff "before any proceedings of substance on the merits have taken place in federal court." *Hicks v. Miranda*, 422 U.S. 332, 349, 95 S.Ct. 2281, 2292, 45 L.Ed.2d 223 (1975). Here, the doctrine is applicable to preclude federal review provided the several conditions discussed below are also met because, as required by *Hicks, supra*, the federal complaint was filed during the course of the state proceedings in an effort to enjoin the prosecutions. *But see Wooley v. Maynard*, 430 U.S. 705, 710–11, 97 S.Ct. 1428, 1433, 51 L.Ed.2d 752 (1977) (*Younger* did not apply where plaintiff, who failed to seek state appellate review of his criminal conviction, explicitly chose not to seek federal relief to annul the collateral effects of the convictions but instead sought purely prospective relief with respect to any future prosecutions).

It is quite clear that any ruling by the federal court concerning either the validity of the Village ordinance or the allegations of harassment would seriously interfere with the state enforcement proceedings. Therefore, this is an appropriate case for abstention unless the plaintiff was not afforded an adequate opportunity to raise his federal claims in the state court proceedings. *See Middlesex*, 457 U.S. at 435, 102 S.Ct. at 2523; *Moore v. Sims*, 442 U.S. 415, 430 n. 12, 99 S.Ct. 2371, 2381, n. 12, 60 L.Ed.2d 994 (1979); *Brunken*, 807 F.2d at 1331–32. While Northbrook's complaint to seek payment of the tickets was docketed in the Traffic Division of the Cook County Circuit Court, under the law of Illinois "divisions of the circuit court have equal and concurrent subject matter jurisdiction." *In re Marriage of Wojcicki*, 135 Ill.App.3d 248, 251, 90 Ill.Dec. 139, 141, 481 N.E.2d 939, 941 (1985); *Nemeth v. Banhalmi*, 125 Ill.App.3d 938, 955, 81 Ill.Dec. 175, 186, 466 N.E.2d 977, 989 (1984) (the "divisions are for the administrative convenience of the court and are not jurisdictional in nature"). As a result, the traffic division has jurisdiction to entertain the plaintiff's argument regarding the constitutionality of the Village ordinance as a defense to the Village complaint. And to the extent that the plaintiff also seeks damages under § 1983 for the alleged harassment, there is every indication that he could have this claim heard as well.[4] If the circuit court's assignment procedures do not permit the damages claim to be litigated along with the injunction issue, then the plaintiff can move to have the cause transferred to the appropriate division in the circuit court. *See, e.g., In re Estate of Olsen*, 120 Ill. App.3d 744, 748, 76 Ill.Dec. 25, 28, 458 N.E.2d 164, 167 (1983). In any event, there is an adequate state forum for all the plaintiff's claims to be addressed.

Thus, the only remaining question is whether any of the exceptions to the *Younger* doctrine apply to preclude us from abstaining in this case. Under the present circumstances, federal court intervention is permitted only if: (1) the "state

---

**4.** Note *Juidice v. Vail*, 430 U.S. 327, 339 n. 16, 97 S.Ct. 1211, 1230 n. 16, 51 L.Ed.2d 376 (1977), in which the Supreme Court left open the question whether it is appropriate to abstain when the only relief sought is damages under § 1983. *See also Landrigan v. City of Warwick*, 628 F.2d 736, 743 (1st Cir.1980).

proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611, 95 S.Ct. 1200, 1212, 43 L.Ed.2d 482 (1975); (2) there is "an extraordinarily pressing need for immediate equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 124–25, 95 S.Ct. 1524, 1530–31, 44 L.Ed.2d 15 (1975); or (3) the "challenged provision is flagrantly and patently violative of express constitutional prohibitions," *Moore*, 442 U.S. at 423, 99 S.Ct. at 2377. Despite the plaintiff's protestations to the contrary, the allegations of the complaint are clearly insufficient to support a finding that the tickets were issued as part of an effort to harass him or that the tickets were otherwise issued in bad faith. Nor do the facts indicate that the plaintiff will suffer the sort of irreparable harm which would justify granting immediate equitable relief. And lastly, we certainly cannot find that the ordinance is patently unconstitutional.

Accordingly, we abstain from ruling on the plaintiff's complaint, and the action is

DISMISSED.