In re MARRIAGE OF EDWIN J. ECKERT, Petitioner-Appellee, and ARLENE B. ECKERT, Respondent-Appellant.

Third District   No. 3—90—0077

Opinion filed August 28, 1990.

Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria (Julian E. Cannell and Talmadge G. Brenner, of counsel), for appellant.

Kelly & Brady, of Peoria (Gerald W. Brady, of counsel), for appellee.

JUSTICE GORMAN delivered the opinion of the court:

Plaintiff-husband Edwin J. Eckert brought this action against defendant-wife Arlene B. Eckert for dissolution of marriage and division of marital property. The trial court granted the dissolution and divided the marital property. Arlene appeals the judgment solely insofar as the order awards Edwin an entire interest in a residence that was deemed nonmarital property. We affirm.

Edwin and Arlene were married in Peoria County, Illinois, on November 26, 1977. Prior to their marriage, Edwin and Arlene entered into an antenuptial agreement dated November 15, 1977. This handwritten agreement was not signed by the parties but does contain

Edwin's initials in the top right-hand corner of both pages. Paragraph 5 provides:

> "After ten years of marriage Ed will make new deed on 9148 N. Timberlane property making Arlene a joint tenant. In case of separation or death of Ed before that time an amount equivalent to 5% of the value of the property per year will accrue for Arlene."

Edwin and Arlene resided in the house located at 9148 N. Timberlane during their marriage.

On July 8, 1987, Edwin filed a petition for dissolution of marriage in Peoria County, Illinois. The enforceability of the antenuptial agreement was addressed in a preliminary order dated December 1, 1988. Paragraph 3 of that order states that the agreement constitutes a "valid and binding agreement." In the final order entered December 4, 1989, the trial court ruled that in accordance with its earlier finding, Arlene was entitled to a 50% interest in the net equity of the residence. The court ordered Arlene to vacate the residence upon the condition that Edwin pay her $25,000.

On January 3, 1990, in response to a motion for reconsideration, the court clarified its earlier order by specifically finding that the marital residence constituted the nonmarital property of Edwin. The trial court found that while Arlene is entitled to a 50% interest in the net equity of the marital residence, the contract (antenuptial agreement) is "legally insufficient to support an action for specific performance." The trial court reasoned, "It's the belief of this Court that neither party could now initiate a complaint for specific performance and subsequent thereto a partition suit. The case is distinguishable from the *Voight* case (*In re Marriage of Voight* (1982), 111 Ill. App. 3d 623, 444 N.E.2d 694) since in this case there was never any effective transfer of legal title." Arlene appeals.

One issue is raised: Whether the trial court had jurisdiction over the disposition of nonmarital real estate, other than to order partition under section 514 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1987, ch. 40, par. 101 *et seq.*).

Arlene contends that because the trial court ruled that the agreement is a "valid and binding agreement with sufficient consideration," she was entitled to receive a 50% interest in the residence as a joint tenant with Edwin following 10 years of marriage. Relying on *In re Marriage of Voight* (1982), 111 Ill. App. 3d 623, 444 N.E.2d 694, Arlene argues that the trial court, after finding the agreement to be valid and deeming the 9148 N. Timberlane property to be a nonmarital asset, was without discretion to deny her prayer for partition.

In *Voight* the court found that the residence in which the parties were living was nonmarital property even though the residence was held in joint tenancy by the parties. The trial court ordered the wife to transfer her joint interest in the nonmarital property. The appellate court held that the trial court had erred since the disposition of nonmarital property is a matter outside of the court's general discretion. The court indicated that on remand the parties were free to petition the trial court for partition of the jointly owned nonmarital property.

■■ Subsequent to the *Voight* decision, section 503 of the Act was amended. We have reviewed the legislative history of the amendment and determined that the supreme court decision in *In re Marriage of Smith* (1981), 86 Ill. 2d 518, 427 N.E.2d 1239 (relied upon by the appellate court in *Voight*) provided the impetus for the amendment.[1] Furthermore, in *In re Marriage of Wojcicki* (1985), 135 Ill. App. 3d 248, 481 N.E.2d 939, the appellate court recounted the 1983 amendment and held that a trial court in a dissolution proceeding has the general authority under section 503(d) of the Act to order nonmarital property held in joint custody to be reconveyed to the original title holder.

■■ *Voight*, relied upon by Arlene, is no longer the law in Illinois. Guided by the legislative history of the 1983 amendment to section 503 and the appellate decision of *In re Marriage of Wojcicki*, we are of the opinion that the amended section 503 vests the trial court with the discretion to dispose of nonmarital assets as it determines, pursuant to its plan of resolution of the property issues. Accordingly, we reject Arlene's attack on the jurisdiction of the trial court in this matter.

Accordingly, the decision of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.

---

[1]See generally 83d Ill. Gen. Assem., House Proceedings, April 27, 1983, at 53 (House Bill 544) (statements of Representative Johnson and Mr. Charles Fleck).