**Ira N. SAPIR, Robert W. Hendricks, and Jerry J. Gibbons, Plaintiffs,**

v.

**CITY OF CHICAGO, Defendant.**

**No. 90 C 3635.**

United States District Court, N.D. Illinois, E.D.

Oct. 30, 1990.

Gil Sapir, Thomas Peters, Rick Halprin, Gil Sapir, P.C., Chicago, Ill., for plaintiffs.

Stan Berman, David Rubman, City of Chicago Law Dept., Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the Court is the defendant City of Chicago's ("City") motion to dismiss the plaintiffs' amended complaint. For the following reasons, the motion is granted.

The amended complaint challenges the constitutionality of the City's parking ticket enforcement system, including the City's practices of demanding excess penalties for overdue tickets, of immobilizing or "booting" automobiles whose owners have amassed ten or more unpaid tickets, and of denying liquor licenses to persons with substantial numbers of unpaid parking tickets. The four-count complaint comprises the individual claims of the three named plaintiffs, as well as a class action count. Each of the counts seek injunctive relief, declaratory relief, and damages.

Plaintiff Ira N. Sapir, part owner of a corporation holding a city liquor license, admittedly owes the City at least $2,000 in outstanding parking fines.[1] He asserts that the City is seeking to collect fines in excess of the amounts authorized by a Cook County Circuit Court rule and general order (amended complaint p. 9, par. 54), is refusing to renew the liquor license held by his partly owned business (amended complaint p. 9, par. 53), and is threatening to

---

1. Sapir alleges that the City is seeking to collect parking fines from him totalling $6,265—$3,371 in ticket fines, and $2,904 in accrued penalties (amended complaint p. 8, par. 46). He con- cedes that he owes the City "approximately $2,000" in parking fines (amended complaint, count I, p. 8, par. 50).

immobilize his four vehicles pursuant to the City's "booting" ordinance[2] (amended complaint p. 8, pars. 47–48), until all the outstanding parking fines and penalties are paid. Sapir further alleges that he tendered a $2,000 check to the City, which the City refused to accept (amended complaint p. 9, par. 52), that the City has refused to produce an "accurate and reliable" accounting of his parking violations despite his request for such an accounting (amended complaint p. 8, par. 49), and that the City, in alleged violation of its own ordinances and policies, has continued its enforcement efforts against him even though the instant lawsuit has been filed (amended complaint p. 10, pars. 59–60).

Plaintiff Robert W. Hendricks, also a part-owner of a corporation with a City liquor license, allegedly received notice from the city for parking violations with a face value of $265 and an additional $75 in penalties (amended complaint p. 13, pars. 44, 47). Hendricks also allegedly received a "booting" notice for his car (amended complaint p. 13, par. 48). Hendricks allegedly paid the fines and penalties, without receiving notice or a hearing, in order to get his liquor license (amended complaint p. 14, par. 50).

Plaintiff Jerry J. Gibbons had one Chicago parking ticket but failed to appear on the first court date (amended complaint p. 15, pars. 44–45). Thereafter, upon learning that the City would seek a penalty in addition to the fine listed on the ticket, Gibbons demanded a trial on his ticket in August 1989, but has not yet received a hearing (amended complaint pgs. 15–16, pars. 50, 60–61).

The complaint raises three issues: 1) whether the City's parking ticket enforcement system violates the due process rights of each plaintiff; 2) whether denial of liquor licenses as part of the parking ticket enforcement effort violates the due process rights of Sapir and Hendricks; and 3) whether Hendricks' due process claims were waived when he paid his parking ticket fines and penalties.

Both Sapir and Gibbons allege that the city has a policy of demanding excess penalties before any hearing has been held or judgment entered on the parking tickets involved, and that this alleged policy comprises unconstitutional harassment. Sapir also alleges that he was deprived, without due process, of his property right in the liquor license held by his partly owned firm through application of the city policy which holds up his license until he complies with the parking ticket enforcement ordinances.

■ Sapir and Gibbons acknowledge that their parking tickets remain outstanding and that the city is actively seeking to enforce those tickets. Neither Sapir nor Gibbons has alleged that they have been prevented from presenting their constitutional claims in state court. Any ruling by this court on the validity of the city's parking ticket ordinances or enforcement practices "would seriously interfere with the state enforcement proceedings" as to Sapir and Gibbons. *Jacobson v. Village of Northbrook Municipal Corp.*, 824 F.2d 567, 569 (7th Cir.1987) (dismissing constitutional challenge to village vehicle sticker ordinance because it would interfere with pending enforcement action in state court). Therefore, it is appropriate for this court to apply the abstention doctrine in this case. The abstention doctrine, which bars federal court interference in ongoing state criminal proceedings, is based on notions of comity and federalism, under which the federal government, "anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). The doctrine applies to quasi-criminal state proceedings such as the municipal ordinance violations at issue in this case. *See Jacobson*, 824 F.2d at 569. Because of the pending state actions against Sapir and Gibbons, the application of abstention is warranted here.

■ Moreover, plaintiffs Sapir and Gibbons have failed to allege sufficient facts

---

**2.** City of Chicago Municipal Code, ch. 27, sec.   27–435.

to warrant application of any of the three established abstention doctrine exceptions which allow interference with state proceedings, i.e. when the state proceedings (1) brought for harassment purposes or in bad faith; (2) when there is an extraordinary and immediate need for equitable relief; or (3) when the state proceedings were brought pursuant to a "flagrantly and patently" unconstitutional state or local law. *See Jacobson,* 824 F.2d at 569–70. Sapir and Gibbons have alleged harassment by the city, but they fail to allege facts sufficient to support this claim.[3] Neither alleges that they will suffer any kind of irreparable harm if they are forced to pay their outstanding parking tickets and penalties. The third abstention exception is particularly inapplicable because, as the city correctly notes in its memorandum supporting its motion to dismiss, many of the parking ticket enforcement mechanisms which all three plaintiffs challenge have already been found constitutional by other courts. *See Horn v. City of Chicago,* 860 F.2d 700, 703 n. 7, 705 (7th Cir.1988) (upholding the form of the penalty notices, and finding that the city's authority to collect default judgments in excess of the face value of tickets is purely a matter of state law); *Elliott v. City of Chicago,* No. 88 C 3955, 1989 WL 84377 (U.S.Dist.Ct., N.D.Ill. July 17, 1989) (1989 U.S.Dist. LEXIS 8609) (upholding the city's booting ordinance); *Grant v. City of Chicago,* 594 F.Supp. 1441, 1447–49 (N.D.Ill.1984) (pre-booting hearing not required; notice and timing of post-booting hearing constitutionally adequate). The court therefore finds that the abstention doctrine of *Younger* applies, and counts I and III, which contain the claims of Sapir and Gibbons respectively, are dismissed.

■ The claims of Sapir and Gibbons are alternatively dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. As previously noted, the city's authority to collect excess penalties is purely a matter

of state law. *Horn,* 860 F.2d at 703 n. 7. They cannot complain about the lack of hearings prior to booting, because, aside from the fact that neither claims to have had any of his vehicles booted, no pre-deprivation hearings are required under such circumstances. *Grant,* 594 F.Supp. at 1447. The availability of a post-deprivation hearing at the state level, at which plaintiffs could present any legitimate defenses they may have to the parking ticket fines, provides adequate due process. *See Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

■ Sapir's and Hendricks' claims that their due process rights were violated in connection with their liquor licenses must also fail because, under Illinois law, the holding of a liquor license "shall be purely a personal privilege." Ill.Rev.Stat. ch. 43, par. 119. *See also Ole, Ole, Inc. v. Kozubowski,* 187 Ill.App.3d 277, 134 Ill.Dec. 895, 898, 543 N.E.2d 178, 181 (1st Dist.1989) (status as liquor licensee not afforded due process protections). Therefore, regardless of what procedures the city provides, or fails to provide, for the denial or termination of liquor licenses, Sapir's and Hendricks' due process rights would not be infringed.

■ Hendricks contends that the penalties in excess of the parking fines, and the city's demand that all fines and penalties be paid before his liquor license would be issued, violated his due process rights under the fourteenth amendment. Hendricks' payment of the fines and penalties, however, constitutes a waiver of any procedural due process claim he may have regarding those fines and penalties. *Pitts v. Board of Education,* 869 F.2d 555, 557 (10th Cir.1989) (fired public school teacher's knowing failure to exercise procedural rights waived his right to challenge the procedures in federal court); *Fetner v. City of Roanoke,* 813 F.2d 1183, 1186 (11th Cir.1987) (if public official resigned, he waived his right to notice and a hearing).

**3.** The City's enforcement efforts, as alleged, do not appear to be limited to Sapir and Gibbons. The City's generally vigorous efforts to enforce parking tickets, and the size of the problem, are indicated by a $600 million contract the City awarded in the Spring of 1985 to collect overdue parking fines. *See United States v. Davis,* 890 F.2d 1373, 1375 (7th Cir.1989).

By paying his ticket, fines and penalties, Hendricks deprived the City of the opportunity to provide him with due process, and he thereby waived his right to test the constitutionality of the City's enforcement procedures. *See Pitts,* 869 F.2d at 557.

Counts I, II, III and IV[4] are dismissed with prejudice.

IT IS SO ORDERED.

---

4. Count IV, containing class action claims, is dismissed due to plaintiffs' failure to allege or prove any of the four prerequisites to a class action set forth in Fed.R.Civ.P. 23(a).