Dennis DUBUC

v.

**GREEN OAK TOWNSHIP, Green Oak Township Zoning Board of Appeals, Dale Brewer and Raymond Clevenger, in their individual and official capacities, jointly and severally.**

Civ. A. No. 91–CV–40238–FL.

United States District Court,
E.D. Michigan, S.D.
at Flint.

Dec. 16, 1992.

Hugh M. Davis, Jr., Detroit, MI, for plaintiff.

Raymond F. Clevenger, Ann Arbor, MI, Michael Pollard, Plymouth, MI, and Stuart Trager, Farmington Hills, MI, for defendants.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court is defendants' Motion for Summary Judgment, plaintiff's response, and defendants' reply. Following a hearing on December 17, 1991, plaintiff filed supplemental documents, as permitted by the Court at the hearing, to which defendants filed a response and plaintiff filed a reply. Through their briefs, the parties display disagreement in their characterization of the facts which, in this case, precludes any grant of summary judgment at this time. With regard to the viability of plaintiff's claims, however, for the reasons that follow, the Court finds that defendants' Motion must be GRANTED IN PART and DENIED IN PART.

This action arises out of plaintiff's attempt to develop property located in Green Oak Township, Michigan. There is a history of state court litigation involving the development of this property. The parties do not agree on much of anything, including over what these lawsuits involve and

how defendants' actions are characterized. Reading defendants' briefs, one would think their conduct in processing plaintiff's request for a lot split, and variances in order for plaintiff to achieve the same, was routine and rational, requesting information necessary to make the determinations. Plaintiff presents evil and malicious Township supervisor, zoning board of appeals, Township planner, and Township attorney, who conspire against plaintiff in delaying his request for a lot split and related variances to retaliate for previous litigation against the Township and making statements to the press, and specifically to cost him business opportunities and thousands of dollars in producing information for defendants' decision-making process. Plaintiff alleges that defendants require unnecessary steps not required by any relevant Township ordinances, and provide rational-sounding reasons to cover their vindictive delaying tactics. Defendants try to cloud the factual issues, alleging this case is already being litigated in state court. Plaintiff's grievance, however, is more specific than any of the state claims. Here, plaintiff alleges that, in their failure either to grant or deny his request for variances which would facilitate his obtaining a lot split, defendants are violating his civil rights. Plaintiff brings this § 1983 action, alleging violations of his first and fourteenth amendment rights. Plaintiff brings claims of retaliation for the state litigation, substantive due process (not procedural due process violations), and a taking without just compensation.

Defendants bring this motion to dismiss and for summary judgment, arguing: (1) that the Court lacks jurisdiction or should abstain; (2) plaintiff's claims are not ripe for adjudication; (3) plaintiff has failed to state a § 1983 claim against defendant municipal officials; (4) plaintiff has failed to state a claim of deprivation of property without due process; and (5) plaintiff has failed to state a § 1983 claim against defendant Green Oak Township.

## I

### *Jurisdiction*

Defendants argue that this Court either lacks jurisdiction over plaintiff's claims, or should abstain from their adjudication, because several other lawsuits currently are pending in state court involving the same property and same issues that are the subject of this action. According to defendants, one of these state actions, Case No. 88–9402–NO, involves the non-issuance of a Certificate of Occupancy and allegations by plaintiff that this refusal to act constitutes retaliation in violation of plaintiff's constitutional rights. Defendant's motion brief at 3.

Plaintiff denies that there are three lawsuits involving this same parcel of property, asserting that the property involved in three of the four state cases has a different tax ID number than the property involved in this case. Plaintiff's response at 2, ¶ 2. Plaintiff also argues that the present action is not *in rem* but rather challenges defendants' conduct as violative of plaintiff's constitutionally guaranteed civil rights. Plaintiff's response at 2–3, ¶ 2. Further, plaintiff acknowledges that case No. 88–9402–NO involved a federal civil rights claim in addition to a state constitutional claim and five state tort counts. Plaintiff's response at 3, ¶ 3. Plaintiff points out, however, that the violations alleged in the present case are new since the state case was filed and some of the defendants in the state actions are not defendants herein, just as some of the defendants to this lawsuit are not defendants in any of plaintiff's state actions. Plaintiff's response at 3, ¶ 4. Moreover, plaintiff distinguishes the facts of the state case No. 88–9402–NO from this action. In the state case, plaintiff alleges that the retaliatory action of the Township is in the Township's repeated refusal to inspect buildings under construction, not for failure of the Township to issue a Certificate of Occupancy. Here, plaintiff alleges that the Township refuses either to grant or deny plaintiff's request for a variance, knowing that a decision either way would not cause plaintiff hardship but that only a non-decision would result in injury to plaintiff. Plaintiff's response at 3–4, ¶ 4.

█ Defendants argue that this Court lacks jurisdiction to hear this case because

it involves property already under the jurisdiction of a prior case or cases pending in state court. Defendant's motion brief at 5. Defendants also note that appeals from a zoning board of appeals are governed by state law and appealable to the state circuit court. Defendant's motion brief at 6. The Court finds these arguments to be without merit.

Jurisdiction in this case is not *in rem*, but rather *in personam*, brought against defendants for civil rights violations. In this case, the property is not under the jurisdiction of the Court. Defendants here are accused of delaying a determination of plaintiff's request for a lot split, and causing plaintiff to follow procedures not within the Township ordinances, as retaliation for plaintiff's resort to use of the courts and the press. This action asserts federal and constitutional claims, alleging violations of plaintiff's first, fifth, and fourteenth amendment rights. It is not an appeal from a determination of the zoning board of appeals.

 Defendants further argue that if this Court determines that it has jurisdiction, it should abstain from exercising it. Defendants state that "Federal courts must refrain from hearing constitutional challenges to state action under certain circumstances in which Federal action is regarded as an improper intrusion of the right of a state to enforce its laws in its own courts." Defendants' motion brief at 6, *citing* 17A Wright, et al., Federal Practice and Procedure at 180, *explaining Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Defendants argue that proceedings to determine variances to local land use and zoning ordinances are local state laws within the province of state adjudication, not federal. Defendants' motion brief at 7. What defendants fail to appreciate, however, is that plaintiff's action is not one challenging a decision over whether plaintiff should be granted a variance or lot split, but whether

in failing to make a determination defendants' have violated plaintiff's constitutional rights.[1]

 Defendants also argue that this Court should abstain from adjudication of this case to avoid duplicative litigation. Defendants' motion brief at 7, *citing Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Although the allegation of retaliation is also the subject of another case pending in state court, the alleged constitutional violations arise out of different factual circumstances. Even if the motive for retaliation is identical, the alleged wrongful acts are different. There would be no inconsistency if the state court finds defendants' refusal to issue a certificate of occupancy or to inspect a building in progress to be justified while at the same time this Court finds defendants' refusal to determine the lot split or variance request to be a violation of plaintiff's constitutional rights. For the above-stated reasons, the Court finds that it has jurisdiction and declines to abstain from exercising that jurisdiction in this case.

## II

### *Ripeness*

 Defendants next argue that plaintiff's claims are not ripe for adjudication because plaintiff has failed to exhaust available state and local remedies. Defendants' motion brief at 9. More specifically, defendants' contend that without a final decision by the zoning board of appeals, plaintiff's due process claims are not ripe for adjudication. *Id.* Further, argue defendants, until plaintiff has resorted to a state action for inverse condemnation, plaintiff's takings claim is premature. Defendants' motion brief at 10–11. Defendants conclude this section of their brief by mentioning that, under Michigan law, appeals from a local zoning board of appeals

---

1. To the extent that plaintiff's due process claim alleges that plaintiff has complied with zoning ordinances and should be granted a variance or lot split, plaintiff's claim must be dismissed. This Court does not sit in review of local zoning determinations. With this exception, however, plaintiff's claims fall within the jurisdiction of this Court and are not matters of purely local concern.

must be made to the state circuit court. Defendants' motion brief at 11.

Fortunately, the Sixth Circuit Court of Appeals has recently discussed the issue of ripeness and the exhaustion of remedies requirement regarding both takings and substantive due process claims. In *Pearson v. City of Grand Blanc*, 961 F.2d 1211 (6th Cir.1992), the Sixth Circuit stated that:

In cases where plaintiff claims that the zoning is so stringent as to constitute a taking without just compensation, the Supreme Court requires what amounts to exhaustion of state judicial remedies, including the bringing of an inverse condemnation action, if the state affords such a remedy. A deprivation of economic viability of the property is also a prerequisite for bringing such an action.

The rationale for these requirements in taking cases is that the federal court cannot know what has been taken or what compensation has been afforded until state remedies have been utilized. Until that time, the federal court cannot determine whether a taking has occurred, whether compensation is due, or, if it has been afforded, whether it is just. These prerequisites are not technically an exhaustion requirement, but "a product of the ripeness doctrine."

961 F.2d at 1214–15 (citations omitted). Furthermore, the Sixth Circuit has held that

the very existence of an allegedly unlawful zoning action, without more, makes a substantive due process claim ripe for federal adjudication.

961 F.2d at 1215, *citing Nasierowski Bros. Inc. Co. v. City of Sterling Heights*, 949 F.2d 890, 894 (6th Cir.1991).

In this action, plaintiff has alleged that the action—or, better stated, the inaction—of defendants herein constitutes a violation of plaintiff's substantive due process rights. As the court of appeals noted, plaintiff's mere statement of the claim

makes it ripe for adjudication in this Court. Plaintiff is not required to await for a final determination of the zoning board of appeals before making a due process claim. This is especially the case where, as here, a part of the alleged due process violation is the inaction of the zoning board of appeals. The alleged due process violation has already taken place and plaintiff cannot, as defendants contend he must, appeal to the state circuit court until the zoning board of appeals finally takes some action.[2] Therefore, plaintiff's due process challenge is ripe for adjudication.

■ Plaintiff's takings claim is another matter. In this case, plaintiff claims that defendants' allegedly improper withholding of a zoning decision constitutes a taking of plaintiff's property without just compensation. Where a plaintiff claims that a zoning action taken by a local zoning board or municipal officials has resulted in a taking of his property, that plaintiff must first avail himself to state judicial remedies before bringing a takings claim in federal court. *Pearson*, 961 F.2d at 1214; *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1034 (6th Cir.1992). There is no indication in the record that plaintiff has exhausted state remedies, such as initiating inverse condemnation proceedings, or that state remedies are inadequate to provide plaintiff relief from the alleged taking. This Court "cannot know what has been taken or what compensation has been afforded" or whether compensation is just until after state remedies have been utilized and a final determination has been made. 961 F.2d at 1214–15. Plaintiff's takings claim is not ripe for adjudication. Thus, this Court in the *Pearson* sense lacks jurisdiction over the takings claim, and that claim is HEREBY DISMISSED.

### III

#### Section 1983—Defendant Officials

■ Defendants argue that plaintiff has failed to plead that defendants' conduct

---

2. Defendants' construction of the ripeness doctrine would leave plaintiff in a catch 22. Plaintiff could not appeal from the zoning board of appeals until a final determination had been made, yet plaintiff would not be allowed to challenge the non-determination on due process grounds because there has been no exhaustion of remedies or appeal through the state courts. Thus, plaintiff would be at the mercy of defendants and would be able to challenge the delayed determination only after a determination had finally been made.

deprived him of any constitutional rights. Defendants' motion brief at 11. In order to state a cause of action under 42 U.S.C. § 1983, plaintiff must show that: (1) the conduct complained of must have been carried out under color of state law; and (2) the conduct must have deprived plaintiff of rights, privileges or immunities secured by the federal Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *see also Silver*, 966 F.2d at 1036 (to establish violation of substantive due process, plaintiff must establish existence of constitutionally-protected property or liberty interest). Defendants challenge the second element. Specifically, defendants argue that plaintiff has not pled with sufficient specificity a violation of his first amendment rights.

Defendants cite the case of *Chiplin Enterprises, Inc. v. City of Lebanon*, 712 F.2d 1524 (1st Cir.1983), as persuasive authority that plaintiff's claim that the delay of the zoning board of appeals was motivated by improper and illegal reasons fails to state a claim under substantive due process. Defendants' motion brief at 11–13. The Court, however, finds *Chiplin* to be distinguishable from this case and unpersuasive.

In *Chiplin*, appellant claimed a violation of due process not for the five year delay of the local zoning authority in ruling on his request for a permit, but for the denial of his permit request that the state courts ultimately granted. The First Circuit held that even though the denial of the permit was contrary to state statute, "not every violation of a state statute amounts to an infringement of constitutional rights." 712 F.2d at 1527. The court held that: "[t]he claim that denial of the permit was improperly motivated, unsupported by an allegation of the deprivation of a specific constitutional right, simply raises a matter of local concern, properly and fully reviewable in the state courts." *Id.*

In the present action, plaintiff has not alleged that his lot split request was improperly denied by the zoning board of appeals, therefore constituting a violation of his right to due process. If that were the case, this action would be dismissed for plaintiff's failure to exhaust existing state remedies. Rather, in this case, plaintiff has claimed a violation of his first amendment rights. Thus, if plaintiff has pled sufficiently a first amendment claim, then his § 1983 claim against defendant officials should not be dismissed.

In response to defendants' argument that plaintiff has failed to plead properly a first amendment violation, plaintiff states that he has shown both that a retaliatory motive for defendants' actions can be inferred from circumstantial evidence presented by plaintiff, and that all the reasons proffered by defendants for their actions have been rebutted by plaintiff's proofs. Plaintiff's response brief at 4–19. The Court finds that plaintiff has pled with specificity that defendants' delay in reaching a final determination on plaintiff's lot split request was in retaliation for plaintiff's exercise of his first amendment rights. Although defendants have proffered reasons that, if true, would justify their actions, plaintiff has alleged an unconstitutional motive that would be an acceptable inference from the facts alleged, viewed in the light most favorable to plaintiff. This issue of fact is one that must be resolved by the trier of fact. Therefore, summary judgment upon this issue is not appropriate at this time. Plaintiff has pled a colorable § 1983 claim against defendant officials for violation of his first amendment rights.

## IV

### *Due Process*

▮▮▮ Defendants argue that plaintiff's complaint fails to make out a claim for either procedural or substantive due process. Defendants' motion brief at 14–19. The Court agrees. Plaintiff indicates that he brings this action only under substantive due process and not procedural due process. That being the case, there is no need to address whether plaintiff states a

claim for procedural due process.[3] The Court finds that regarding substantive due process, plaintiff fails to make out an independent claim.

Plaintiff brings claims under the first amendment, the takings clause, and for violation of plaintiff's substantive due process rights. The alleged unconstitutional action is claimed to be taken in retaliation for plaintiff's exercise of his first amendment rights. That first amendment claim is properly brought under § 1983. Therefore, to the extent that plaintiff claims a due process violation for defendants' alleged retaliatory delay in considering his zoning appeal, the substantive due process claim merges with the § 1983 claim and does not make out a separate claim under the due process clause. Plaintiff's claim that he was subjected to arbitrary and capricious state action in the denial of his lot split request, thus resulting in a denial of substantive due process, is dismissed for the following reasons.

In *Pearson*, the court of appeals discussed the different types of federal zoning cases. Plaintiff's substantive due process claim falls under the court's classification as an "as applied substantive due process" claim. *Id.* at 1216. In other words:

> Plaintiff claims that the zoning regulation is arbitrary and capricious in that it does not bear a substantial relation to the public health, safety, morals, or general welfare … as applied.

*Id.* The parties dispute the standard to be applied to plaintiff's substantive due process claim. The court in *Pearson*, however, states two standards that arguably are applicable to the present case. *Id.* at 1217.

The Sixth Circuit provided that:

> ██ An action of state or local government which "shocks the conscience" of the federal court, may violate substantive due process. This Court has recently expressed the view that " '[a]pplying the "shock the conscience" test in an

area other than excessive force … is problematic.' "

> ██ The right not to be subject to "arbitrary or capricious" action by a state either by legislative or administrative action is commonly referred to as a "substantive due process right."

*Id.* (footnotes omitted). Plaintiff's contention that the Sixth Circuit has abandoned the "shocks the conscience" test is defeated by the court's discussion in *Pearson*. The Court finds the language quoted by plaintiff from *Nishiyama v. Dickson County*, 814 F.2d 277, 282–83 (6th Cir. 1987), to explain that the alleged gross negligence and reckless indifference exhibited by the defendant in that case satisfied the two standards later enumerated in *Pearson*. In any event, however, the conduct complained of in this action is the allegedly arbitrary and capricious treatment of plaintiff by defendants in their refusal to make a decision on his lot split request and in repeatedly requesting more and more information which plaintiff claims is unnecessary to defendants' determination.

To prevail on his "arbitrary and capricious" substantive due process claim, "plaintiff must show that the state administrative agency has been guilty of 'arbitrary and capricious action' in the *strict* sense, meaning 'that there is *no rational basis* for the … [administrative] decision.' " *Pearson*, 961 F.2d at 1221 (emphasis in original) (citation omitted). The Sixth Circuit has held that:

> In the federal court … the administrative action will withstand substantive due process attack unless it " 'is not supportable on any rational basis' " or is " 'willful and unreasoning action, without consideration and in disregard of the facts or circumstances of the case.' "

> The federal court may make only the most limited review of the *evidence* before the state administrative agency. This review is limited to determining whether the agency has paid attention to

---

**3.** The Court notes, however, that the allegation by plaintiff that defendants applied procedures to his lot split and variance requests that are not required or provided for by Township ordinance states facts that may support a procedural due process claim more so than a claim under substantive due process.

the evidence adduced and acted rationally upon it. The state decision may not be set aside as arbitrary and capricious if there is "some factual basis" for the administrative action.

*Id.* at 1221–22. Under this deferential standard, defendants' delay cannot be considered to be arbitrary or capricious. Defendants have proffered several rational reasons why further site plans have been necessary for their review of plaintiff's lot split and variance requests. Plaintiff's claim is that these reasons are specious and defendants have delayed their determination intentionally to retaliate against plaintiff. As noted previously, this claim merges with plaintiff's § 1983 claim and does not provide an independent basis for a substantive due process attack. Because defendants have provided rational reasons for their delay, as far as plaintiff challenges defendants' conduct as a violation of substantive due process, plaintiff's claim is DISMISSED.

## V

### *Section 1983—Defendant Green Oak Township*

A municipality cannot be held liable for the actions of its agents or employees absent a policy or custom by which the agent or employee took action, *Monell v. Department of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In this case, however, it is the municipality itself that is accused of taking action that is violative of plaintiff's constitutional rights. Plaintiff's theory is not one of vicarious liability, but direct liability against defendant Green Oak Township for the action—or inaction—of its zoning board of appeals, the body to which the Township has delegated its authority to make final determinations on zoning matters. Various courts have held a municipality liable for injuries caused by the unconstitutional acts of a board to which policy-making authority had been delegated. *See Shelton v. City of College Station,* 754 F.2d 1251 (5th Cir.1985); *Rodrigues v. Village of Larchmont, New York,* 608 F.Supp. 467 (S.D.N.Y.1985); *Koncelik v. Town of East Hampton,* 781 F.Supp. 152 (E.D.N.Y.1981). Because the Green Oak Township Zoning Board of Appeals has the authority to make zoning policy, plaintiff's claim under 42 U.S.C. § 1983 is properly brought against defendant Green Oak Township.

### *Disposition*

For the foregoing reasons, defendants' Motion For Summary Disposition is GRANTED IN PART and DENIED IN PART. Defendants' request for summary judgment pursuant to Fed.R.Civ.P. 56 is DENIED. Defendants' request for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) is GRANTED as to plaintiff's takings claim. For failure to exhaust existing state remedies, that claim is dismissed as it is not yet ripe for adjudication. In all other respects, defendants' request for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) is DENIED. Defendants' request for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is GRANTED as to plaintiff's substantive due process claim. In all other respects, dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is DENIED.

SO ORDERED.