Anthony **CARBONE**, Randolph Getsla, Jerome Getsla, Gary Hinton, Lester Sutker, Eli Sutker, Walter A. Dausch, Arthur Potts, Joseph Hoch, Ira Jordan, Nick De Angelis, Robert Yonkee, Stephen L. Hamilton, D.D.S., John J. Schymanski, D.D.S. and David J. Storm, D.D.S., Plaintiffs,

v.

Nikki M. **ZOLLAR**, as Director of Illinois Department of Professional Regulation, Steven B. Towns, D.D.S., Mary J. Hayes, D.D.S., Francis Green, D.D.S., James E. Gorman, D.D.S., Arthur Reynolds, D.D.S., Gilbert Welter and Janice Coffee, Individually and as Members of the Board of Dentistry, Illinois Department of Regulation, Michael Vold, Individually, and as Dental Coordinator, Illinois Department of Regulation, Jack O'Malley, as State's Attorney of Cook County, and as representative of all other state's attorneys of all other counties in Illinois, Illinois State Dental Society, an Illinois not-for-profit corporation and Chicago Dental Society, an Illinois not-for-profit corporation, Defendants.

No. 92 C 7157.

United States District Court, N.D. Illinois, E.D.

May 7, 1993.

---

George Constantine Pontikes, George C. Pontikes & Associates, Chicago, IL, for plaintiffs.

Patrick David Lamb, Goldstein and Lamb, Chicago, IL, for Stephen L. Hamilton, D.D.S., John J. Schamanski, D.D.S., David J. Storm, D.D.S.

Kathleen Kreisel Flahaven, Illinois Attorney General's Office, Chicago, IL, for defendants.

Terry L. McDonald, Jeremy C. Schwartz, Connie R. Barba, Cook County State's Attorney's Office, Chicago, IL, for Jack O'Malley.

Peter M. Sfikas, Clay H. Phillips, Peterson & Ross, Chicago, IL, for Illinois State Dental Soc., and Chicago Dental Soc.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs, comprising a group of dentists and denturists, bring this three-count civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, 1988, seeking monetary damages, declaratory and injunctive relief against the Chicago Dental Society, the Illinois State Dental Society, Jack O'Malley, as the Cook County State's Attorney and as a representative of all other Illinois State's Attorneys, Nikki M. Zollar, as Director of the Illinois Department of Professional Regulation ("DPR"), Michael Vold, individually and as Dental Coordinator of the DPR, and the following members of the Illinois Board of Dentistry: Steven B. Towns, D.D.S., Mary J. Hayes, D.D.S., Francis Green, D.D.S., James E. Gorman, D.D.S., Arthur Reynolds, D.D.S., William Slavin, D.D.S., Kyra D. Barnes Walton, D.D.S., Lewis T. Weil, D.D.S., Gilbert R. Welter and Janice H. Coffey, R.D.H. In three separate motions, defendants have moved to dismiss the instant complaint on a variety of grounds. As explained below, we grant the motions pursuant to the abstention doctrine enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny.

### I. Motion to Dismiss Standard

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir.1988); *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). We take the "well-pleaded allegations of the complaint as true and view them, as well as reasonable inferences therefrom, in the light most favorable to the plaintiff." *Balabanos v. North Am. Inv. Group, Ltd.*, 708 F.Supp. 1488, 1491 n. 1 (N.D.Ill.1988) (citing *Ellsworth*).

### II. Background

Under the Illinois Dental Practice Act, Ill. Rev.Stat. ch. 111, ¶ 2301 *et seq.*, the task of fitting dentures to a patient's mouth is reserved to licensed dentists. As such, while denturists may manufacture appliances to fill orders placed by licensed dentists, denturists may not deal directly with patients. Plaintiff denturists have long advocated the practice of independent denturism, seeking to have denturism licensed as a separate profession in Illinois. Indeed, in 1978, these plaintiffs, along with other denturists, brought suit in the Northern District of Illinois challenging the constitutionality of the Illinois Dental Practice Act's prohibition against the independent practice of denturism. *See Sutker v. Illinois State Dental Society*, No. 78 C 3936. This action eventually failed, as the Seventh Circuit held that the regulation did not violate the equal protection clause of the United States Constitution. *Sutker v. Illinois State Dental Society*, 808 F.2d 632, 634 (7th Cir. 1986) (finding legislature's judgment that the fitting of dentures should be a procedure entrusted exclusively to dentists rationally related to a legitimate state interest, *i.e.*, the regulation of health and safety).

In the face of their protracted legal defeat, plaintiff denturists have modified their quest for state recognition. Currently, these denturist advocate practice only as dental assistants under the supervision and full responsibility of licensed dentists. Unfortunately, the Illinois Dental Practice Act prohibits dental assistants, like independent denturists and any other persons who are not licensed dentists, from fitting dentures to a patient's mouth. Consequently, plaintiff denturists, purportedly practicing as dental assistants under the supervision and full responsibility of licensed dentists, have been prosecuted for the following alleged violations of Sections 2308, 2317 and 2338 of the Illinois Dental Practice Act: (1) taking impressions for partial and completed dentures; (2) placing an impression tray in the mouth of a patient prior to the taking of impressions; (3) taking a bite in the mouth of patients; (4) taking a tooth shade of patients; (5) placing and adjusting soft wax moldings in the upper and lower mouth of patients; (6) placing finished dentures in the mouth of patients, and placing carbon paper between the dentures to check the fit; (7) removing dentures from the mouth of patients, checking the fit, grinding

the dentures down and replacing the dentures into the mouths of patients; and (8) making adjustments on dentures in the mouths of patients. Plaintiff dentists, who allowed the denturists to practice under their supervision, have been subjected to disciplinary proceedings and punishment for aiding and abetting the alleged violations of Sections 2308, 2317 and 2338.

Plaintiff denturists now contend that defendants have conspired to selectively prosecute and punish denturists in retaliation for their previously filed lawsuit and attempts to become independently licensed. Likewise, plaintiff dentists claim that they have been singled out for disciplinary proceedings and punishment based solely on their association with the denturists. In Count I of their complaint, plaintiffs seek (1) a declaration that defendants have engaged in a conspiracy to violate plaintiffs' rights to freedom of expression and association, equal protection of the laws and due process, as protected by the Fourteenth Amendment of the United States Constitution, and (2) injunctive relief. Count II represents a request for injunctive relief against the enforcement of Ill.Rev.Stat. ch. 111, ¶ 2317, Part 1220.240 of the Rules For the Administration of the Dental Practice Act, and Appendix B thereto, claiming these regulations are unconstitutionally vague, and are arbitrary and capricious, bearing no rational relationship to public health, safety or welfare. Finally, in Count III, plaintiffs seek compensatory and punitive damages for the acts described in Count I under 42 U.S.C. § 1983, and attorneys' fees and costs under 42 U.S.C. § 1988.

### III. *Younger* Abstention

In *Younger v. Harris,* the Supreme Court held that, due to principles of comity and federalism, federal courts should abstain from enjoining pending criminal proceedings in state court, absent exceedingly rare and extraordinary circumstances. *Id.* at 53, 91 S.Ct. at 755. In a companion case to *Younger,* based on the same principles of comity and federalism, the Court held that federal courts should not entertain a declaratory judgment action aimed at adjudicating a federal issue involved in a state criminal proceeding. *Samuels v. Mackell,* 401 U.S. 66, 72–73, 91 S.Ct. 764, 767–68, 27 L.Ed.2d 688 (1971). Since *Younger* and *Samuels,* the Court has expanded the scope of this abstention doctrine to include cases where the ongoing state proceeding was civil or administrative in nature and involved important state interests. *See Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 625, 106 S.Ct. 2718, 2722, 91 L.Ed.2d 512 (1986) (state administrative proceeding involving important state interests); *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 437, 102 S.Ct. 2515, 2524, 73 L.Ed.2d 116 (1982) (lawyer disciplinary proceeding initiated by state ethics committee); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 607, 95 S.Ct. 1200, 1209–10, 43 L.Ed.2d 482 (1975) (state civil proceeding involving important state interests). In determining whether to abstain in favor of a state proceeding, the court considers the following questions: (1) whether the state proceedings are ongoing; (2) whether those proceedings implicate important state interests; and (3) whether the state proceedings afford an adequate opportunity to present the federal challenges. *See Middlesex County Ethics Committee,* 457 U.S. at 432, 102 S.Ct. at 2515; *AFCME v. Tristano,* 898 F.2d 1302, 1305 (7th Cir.1990).

At the time the instant complaint was filed, plaintiff John J. Schymanski, D.D.S., was enmeshed in an administrative, disciplinary proceeding for allowing denturists under his supervision perform services exclusively reserved for dentists. Likewise, plaintiffs Lester Sutker, Eli Sutker, Randolph Getsla and Walter Dausch all faced criminal charges in the Circuit Court of Cook County for alleged violations of the Illinois Dental Practice Act. Finally, at the time of the complaint, Anthony Carbone had pending a post-trial motion in connection with his criminal case in state court. The representations of the parties suggest that these proceedings are all currently ongoing.[1]

---

1. The remaining nine plaintiffs are not involved in any ongoing state proceedings, criminal or otherwise. Nonetheless, to the extent that abstention is warranted on the claims of the above six plaintiffs, abstention is appropriate under *Colorado River Water Conservation Dist. v. United*

The State of Illinois most certainly has an important interest in ensuring the quality of dentistry. The Illinois legislature has determined that the practice of dentistry affects the public health, safety and welfare, thus subjecting the profession to regulation and control of the public interest. *See* Ill.Rev. Stat. ch. 111, ¶ 2302. The Seventh Circuit has agreed with this assessment, *see Sutker*, 808 F.2d at 636 (Illinois Dental Practice Act valid exercise of state's police power to regulate matters of health and safety), and plaintiffs do not claim otherwise.

The Illinois Dental Practice Act provides that in disciplinary proceedings both sides "shall be accorded ample opportunity to present in person, or by counsel, such statements, testimony, evidence and argument as may be pertinent to the charges or to any defense thereto." Ill.Rev.Stat. ch. 11, ¶ 2327. Additionally, the Act states that all final administrative decisions are subject to judicial review under the Administrative Review Act. *Id.*, ¶ 2332. As plaintiffs concede, in that state law does not clearly bar the interposition of the current constitutional claims at any stage of their state proceedings (both criminal and administrative), the three threshold *Younger* conditions have been satisfied.

■ Nevertheless, plaintiffs contend that the instant case presents one of three exceptions to abstention under *Younger* and its progeny. Specifically, plaintiffs claim that the state charges leveled against them were motivated by bad faith, as demonstrated by defendants' selective prosecution. The exception for prosecutorial bad faith, however, is quite narrow. Bad faith, for the purposes of *Younger*, entails a showing that "the statute was enforced against [plaintiffs] with no expectation of convictions but only to discourage exercise of protected rights." *Cameron v. Johnson*, 390 U.S. 611, 621, 88 S.Ct. 1335, 1341, 20 L.Ed.2d 182 (1968); *see also Pincham v. Illinois Judicial Inquiry Bd.*, 872 F.2d 1341, 1349–50 (7th Cir.), *cert. denied*, 493 U.S. 975, 110 S.Ct. 497, 107 L.Ed.2d 501 (1989); *Collins v. County of*

*Kendall*, 807 F.2d 95, 101 (7th Cir.1986), *cert. denied*, 483 U.S. 1005, 107 S.Ct. 3228, 97 L.Ed.2d 734 (1987). Thus, allegations of selective prosecution are insufficient in themselves to meet the bad faith exception. *See Gwynedd Properties v. Lower Gwynedd Township*, 1991 WL 270004 (E.D.Pa. Dec. 12, 1991); *Palmarozza v. Platt*, 1986 WL 2438 (E.D.Pa. Feb. 19, 1986). Rather, plaintiffs' claim of bad faith must be supported with specific allegations from which we may infer that defendants knowingly instituted meritless prosecutions against the denturists and frivolous disciplinary proceedings against the dentists solely to discourage exercise of protected rights. *See, e.g., Dombrowski v. Pfister*, 380 U.S. 479, 487–89, 85 S.Ct. 1116, 1121–22, 14 L.Ed.2d 22 (1965) (state initiated second prosecution even after a state court held that all evidence was seized illegally and quashed the arrest warrants as not based on probable cause); *Krahm v. Graham*, 461 F.2d 703, 705 (9th Cir.1972) (state conducted eleven illegal searches and instituted over one hundred unsuccessful prosecutions for violation of Arizona's anti-obscenity statute, with each plaintiff facing between 10 and 20 charges); *Bays v. Edgar*, 1988 WL 13639 (N.D.Ill. Feb. 17, 1988) (bad faith exception met where plaintiff alleges that, in addition to selective prosecution motivated by plaintiffs' refusal to contribute to a political campaign, defendants filed meritless criminal charges without probable cause, engaged in false publicity against plaintiffs).

■ In the instant case, defendants have successfully prosecuted plaintiff Anthony Carbone for violations of the Illinois Dental Practice Act. Further, plaintiff denturists have all but conceded that their actions in fitting dentures to the mouths of patients was in violation of the Act. Likewise, we infer from plaintiffs' complaint that some of the plaintiff dentists have been disciplined pursuant to administrative hearings before the DPR. The facts as alleged in plaintiffs complaint do not indicate that the " 'state officials are using or threatening to use prosecutions, *regardless of their outcome*, as in-

States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), regarding the remaining plaintiffs' claims as well. *See Deakins v. Monaghan*, 484

U.S. 193, 210 n. 5, 108 S.Ct. 523, 533 n. 5, 98 L.Ed.2d 529 (1988) (White, J., concurring).

strumentalities for the [exercise of protected first amendment activity].'" *Collins,* 807 F.2d at 101 (citing *Sheridan v. Garrison,* 415 F.2d 699, 706 (5th Cir.1969), *cert. denied,* 396 U.S. 1040, 90 S.Ct. 685, 24 L.Ed.2d 685 (1970)) (emphasis in *Sheridan* ). To the contrary, based on the allegations set forth in plaintiffs' complaint, the more likely explanation for defendants' decision to prosecute is the undeniable fact that plaintiffs have flaunted the law of Illinois. Accordingly, plaintiffs may not rely upon the bad faith exception to *Younger.*

■ Without exception, *Younger* certainly requires this court to abstain on Counts I and II of plaintiffs' complaint, which seek declaratory and injunctive relief. Count III, however, requests damages for the alleged misconduct set forth in Count I. Whether the *Younger* doctrine requires this court to abstain in the face of such a damage claim is a question yet to be addressed by the United States Supreme Court. *See Deakins v. Monaghan,* 484 U.S. 193, 202, 108 S.Ct. 523, 529, 98 L.Ed.2d 529 (1988). However, a plurality of the Circuit Courts, including the Seventh Circuit, have held that the *Younger* doctrine applies to damage claims like those brought by the plaintiffs in this case. *See Feaster v. Miksch,* 846 F.2d 21, 24 (6th Cir.), *cert. denied,* 488 U.S. 857, 109 S.Ct. 148, 102 L.Ed.2d 120 (1988); *Williams v. Hepting,* 844 F.2d 138, 144 (3d Cir.), *cert. denied,* 488 U.S. 851, 109 S.Ct. 135, 102 L.Ed.2d 107 (1988); *Jacobson v. Village of Northbrook Mun. Corp.,* 824 F.2d 567, 569 (7th Cir.1987); *Mann v. Jett,* 781 F.2d 1448, 1449 (9th Cir. 1986); *Doby v. Strength,* 758 F.2d 1405, 1406 (11th Cir.1985); *Parkhurst v. Wyoming,* 641 F.2d 775, 777 (10th Cir.1981); *Landrigan v. Warwick,* 628 F.2d 736, 743 (1st Cir.1980); *McCurry v. Allen,* 606 F.2d 795, 799 (8th Cir.1979), *rev'd on other grounds,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *see also Jones v. Takaki,* No. 92–7076, 1993 WL 41420 (N.D.Ill. Feb. 17, 1993); *Yates v. Mannina,* No. 89–3969 (N.D.Ill. Aug. 25, 1989); *Smith v. City of Chicago,* No. 88–3755 (N.D.Ill. Apr. 4, 1989). As noted by Justice White, "[t]he reasons for such an approach are obvious." *Deakins,* 484 U.S. at 208, 108 S.Ct. at 532 (White, J., concurring). Most significantly, given the doctrine of res judica-

ta, the basic policy against federal interference with pending state criminal prosecutions generally will be frustrated as much by a damages award as it would be by either declaratory relief or an injunction. *Id.* at 208–09, 108 S.Ct. at 533 (White, J., concurring). In that adjudication on Count III of plaintiffs' complaint would be as disruptive of the ongoing state proceedings as resolution of Counts I and II, we will abstain on Count III as well.

■ We observe that the statute of limitations applicable to Counts I–III will not be tolled, as it is doubtful that any of the plaintiffs have been in continuous custody since the underlying events leading to state prosecution. Under such circumstances, the court lacks discretion to merely dismiss the claims without prejudice, as such action does not guarantee that the applicable limitations period will not expire. *Deakins,* 484 U.S. at 202, 108 S.Ct. at 529. However, to ensure that plaintiffs' claims are not inadvertently neglected in this court's growing docket and as an alternative to either an unconditional dismissal or stay of plaintiffs' claims, we dismiss plaintiffs' complaint without prejudice and with leave to reinstate upon the conclusion of the underlying criminal and administrative proceedings.

## IV. Conclusion

For the reasons set forth above, we grant defendants' motions and dismiss plaintiffs' complaint without prejudice and with leave to reinstate upon conclusion of the underlying criminal and administrative proceedings. It is so ordered.