**Basim ESMAIL, Zabco Enterprises, Inc., an Illinois corporation, and Nazco Enterprises, Inc., an Illinois corporation, Plaintiffs,**

v.

**Samuel MACRANE, in his official capacity as Mayor and Liquor Control Commissioner of the City of Naperville, Il., and the City of Naperville, a municipal corporation, Defendants.**

No. 94 C 380.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 25, 1994.

---

Timothy T. McLaughlin, Timothy T. McLaughlin, Ltd., Oak Lawn, IL, for plaintiffs.

Thomas George DiCianni, Ancel, Glink, Diamond, Cope & Bush, Chicago, IL, Michael M. Roth, Howard P. Levine, Paul L. Stephanides, City of Naperville, Naperville, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to the Abstention Doctrine and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted.

### ALLEGED FACTS

Plaintiffs, Basim Esmail, Zabco Enterprises and Nazco Enterprises ("Plaintiffs"), bring their Complaint, pursuant to 42 U.S.C. § 1983, alleging that Defendants Samuel Macrane and the City of Naperville ("Defendants"), under color of state law, have violat-

ed their Fourteenth Amendment constitutional rights to equal protection of the law and due process.

In their Complaint, Plaintiffs allege that the Defendants violated Plaintiffs' equal protection and due process rights when the Defendants sought to deny Plaintiffs' application for a new liquor license for Extra Value Liquors located at 1550 North Route 59, Naperville, Illinois and Plaintiffs' application for renewal of the liquor license for Extra Value Liquors located at 353 East Bailey Road, Naperville, Illinois. According to Plaintiffs, the Defendants sought to deny the liquor licenses because (1) on June 11, 1991, Plaintiff Basim Esmail had been charged with purchasing liquor for an underage individual and (2) Plaintiffs had provided false information on their applications in stating that their Bailey Road liquor license had never been previously revoked. (Complaint at ¶ 9.) In fact, Plaintiffs' Bailey Road liquor license had been revoked by the control commissioner in 1985, but such order of revocation was subsequently overturned by the State Liquor Control Commission and reduced to a thirty day suspension. *Id.*

Plaintiff Basim Esmail asserts that he pled not-guilty to charge of buying liquor for an underage individual and he was placed on court supervision with no fine assessed against him. *Id.* at ¶ 8. Plaintiffs also assert that on each prior application for the renewal of the Bailey Road liquor license, they stated that their liquor license had never previously been revoked but it had been suspended for 30 days. *Id.* at ¶ 10.

At a hearing to determine whether to grant or deny Plaintiffs' applications for a liquor license, the hearing officer found that Plaintiff Basim Esmail did not deliver a bottle of champagne to an underage individual but Basim Esmail had purchased other liquor for the same underage individual and had provided false information on his applications. *Id.* at ¶¶ 11–12. According to Plaintiffs, Defendant Samuel Macrane, in his ca-

pacity as Liquor Commissioner, denied Plaintiffs' applications for liquor licenses based on the findings of the hearing officer and on Macrane's own finding that Plaintiffs did not qualify for a liquor license under Section 3-3-5:1 of the Municipal Code of Naperville.[1] *Id.* at ¶ 13. Plaintiffs appealed the Liquor Commissioner's decision to the State Liquor Control Commission and the Commission affirmed the decision on October 28, 1993. *Id.* at ¶ 14.

Subsequently, Plaintiffs filed suit in the Circuit Court in DuPage County, Illinois requesting review of the administrative decision of the State Liquor Control Commission. *Id.* at ¶ 15. The Circuit Court of DuPage County overturned the decision of the State Liquor Control Commission and ordered Defendants to grant Plaintiffs' two liquor license applications. Defendant City of Naperville has appealed the Circuit Court's ruling.

Count I of Plaintiffs' Complaint states that Defendants violated their Fourteenth Amendment constitutional right to equal protection of the law when they denied Plaintiffs' applications for the liquor licenses based on unfounded charges or trivial infractions of the Naperville Municipal Liquor Control Ordinance and provisions of state law. *Id.* at ¶ 36A. Count I notes further that Defendants maintained a policy and practice of routinely granting new liquor licenses as well as renewing liquor licenses to persons who had engaged in similar conduct as Plaintiffs. *Id.* Plaintiffs charge that Defendants denied Plaintiffs' applications not for the purpose of fairly and uniformly enforcing the Naperville Liquor Control Ordinance but for the "sole and exclusive purpose of exacting retaliation and vengeance against the Plaintiffs." *Id.*

Count II charges that the Defendants violated Plaintiffs' substantive due process rights. Plaintiffs assert that Defendants arbitrarily and impermissibly applied Section 3-3-5 of the Municipal Code of the City of Naperville in denying Plaintiffs' liquor li-

---

1. Plaintiffs provide only a part of Section 3–3–5 of the Municipal Code of Naperville which reads as follow:

 The fact that an applicant ... has been placed on supervision for a drug or alcohol-related offense shall be considered in the review of an application for license or renewal thereof, and may by the basis for the denial of the license or renewal of any license hereunder.

 Complaint at ¶ 36C.

cense applications. *Id.* at ¶ 40B. According to Plaintiffs, Section 3–3–5 provides that the Commissioner may deny the issuance or renewal of a liquor license when an applicant has been placed on court supervision after being charged with a drug or alcohol related offense. *Id.* Plaintiffs claim that the Defendants maintained a practice of ignoring misconduct which would have prevented a liquor license under Section 3–3–5 but used Section 3–3–5 to deny Plaintiffs a liquor license merely to punish Plaintiffs for successfully challenging the city in prior legal proceedings, for conducting an advertising campaign deemed unacceptable to Defendants and for Plaintiffs' political differences with Defendant Macrane. *Id.* Plaintiffs also challenge the constitutionality of Section 3–3–5 asserting that the section lacks any objective standards which would prevent arbitrary and discriminatory application.

Finally, Plaintiffs allege that Defendants violated Plaintiffs' due process rights by refusing Plaintiffs' requests for records relating to offenses committed by other liquor licensees, and by failing to afford Plaintiffs written notice and an opportunity to challenge the Commissioner's finding that Plaintiff Basim Esmail was not a man of good character or reputation. *Id.* at ¶¶ 40C–D.

Count III of Plaintiffs' Complaint states a state claim for the tort of malicious prosecution.

### ANALYSIS

■ When reviewing a motion to dismiss, the court views all of the facts alleged in the complaint as well as any reasonable inferences drawn therefrom, in a light most favorable to the plaintiff. *Mosley v. Klincar,* 947 F.2d 1338, 1339 (7th Cir.1992). Dismissal is appropriate only if it is clear that there is no relief that can be granted under any set of facts that can be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

*Abstention*

In *Younger v. Harris,* 401 U.S. 37, 53, 91 S.Ct. 746, 755, 27 L.Ed.2d 669 (1971), the Supreme Court held that, due to principles of comity and federalism, federal courts should abstain from enjoining pending criminal proceedings in state court, absent exceedingly rare and extraordinary circumstances. Since *Younger,* the Supreme Court has expanded the scope of the abstention doctrine to include cases where the ongoing state proceeding was civil or administrative in nature and involved important state interests. *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 625, 106 S.Ct. 2718, 2721–22, 91 L.Ed.2d 512 (1986); *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 437, 102 S.Ct. 2515, 2524, 73 L.Ed.2d 116 (1982); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 607, 95 S.Ct. 1200, 1209–10, 43 L.Ed.2d 482 (1975).

■ In *Middlesex,* the Supreme Court set out a three part test for determining whether a federal court should abstain in favor of a state proceeding. 457 U.S. at 432, 102 S.Ct. at 2521. Before a federal court abstains, it must determine that: (1) the state proceedings are ongoing, (2) the proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to present the federal challenges. *Id.*

■ At the time Plaintiffs filed their Complaint, a suit was pending in the Circuit Court of DuPage County requesting review of the administrative decision of the State Liquor Control Commission. Complaint at ¶ 15. This Court recognizes that state and local governing bodies have an important interest in regulating the sale of liquor. *Jack & Lou's, Inc. v. County of Cook,* No. 93 C 5196, 1994 WL 91963 (N.D.Ill. March 18, 1994). Finally, while Plaintiffs may not have an opportunity to raise constitutional defenses in the hearing before the State Liquor Control Commission, Plaintiffs will be able to raise constitutional defenses in the state court action which reviews the administrative procedures. *See, Ohio Civil Rights Commission,* 477 U.S. at 629, 106 S.Ct. at 2724 (noting that the opportunity to raise constitutional defenses in the State court action which reviews the administrative procedures is sufficient.) Thus, the Court concludes that the three threshold *Younger* conditions have been satisfied.

Yet, Plaintiffs charge that this case is not an appropriate case for *Younger* abstention because Plaintiffs do not seek to enjoin pending state court proceedings, but rather request damages to compensate Plaintiffs for the violation of their constitutional rights. The Supreme Court has repeatedly declined to decide whether *Younger* requires federal court abstention when the federal action is purely one for damages. *Deakins v. Monaghan,* 484 U.S. 193, 202, 108 S.Ct. 523, 529–30, 98 L.Ed.2d 529 (1988). However, in *Carbone v. Zollar,* 845 F.Supp. 534, 539 (N.D.Ill. 1993), the court, relying on at least one Seventh Circuit case, determined that *Younger* applied to a damages claim brought under 42 U.S.C. § 1983 for violations of plaintiffs' rights to freedom of expression and association, equal protection and due process of the laws. *Carbone* relied in part on the Seventh Circuit's decision in *Jacobson v. Village of Northbrook Municipal Corporation,* 824 F.2d 567 (7th Cir.1987). In *Jacobson,* the Seventh Circuit found that *Younger* required the district court to abstain from deciding plaintiff's § 1983 damages claim brought on the basis that the village officials violated plaintiff's constitutional due process rights by harassing him through the repeated issuance of parking tickets. *Id.* at 569. The *Jacobson* court noted that abstention was proper because plaintiff's damages claim could be heard in the state forum. *Id.* In the present case, Plaintiffs do not assert that their damages claims cannot be heard in state court.

In a more recent case, *AFCME v. Tristano,* 898 F.2d 1302, 1304 (7th Cir.1990), the Seventh Circuit noted that *Younger* abstention has been applied even where the relief sought in federal court was something other than an injunction of the state proceeding. The *AFCME* court found that the common element of the relief sought in cases applying *Younger* abstention was the impact on and interference with the state court proceedings. *Id.* If the impact is similar to the undue interference of an injunction, then the comity and federalism concerns of *Younger* are implicated. *Id.* The issue raised in the instant case, whether the Defendant's denial of Plaintiffs' liquor license applications violated Plaintiffs' constitutional rights, is apparently the same issue raised in the state court proceeding. Thus, given the doctrine of res judicata, the policy against federal interference with pending state proceedings will be frustrated as much by a damages award as it would be by an injunction. *See, Carbone,* 845 F.Supp. at 539. Accordingly, the fact that Plaintiffs request damages does not prevent application of doctrine of abstention.

Additionally, Plaintiffs cite *Dubuc v. Green Oak Township,* 810 F.Supp. 867 (E.D.Mich. 1992) and *Carras v. Williams,* 807 F.2d 1286 (6th Cir.1986) in support of their argument that *Younger* abstention is inapplicable to the present case. However, both of these cases are distinguishable from the instant case.

In *Dubuc,* the court declined to apply the doctrine of abstention because plaintiff's federal action was not one which challenged the decision of the zoning board as to whether plaintiff should be granted a variance regarding local land use and zoning ordinances. 810 F.Supp. at 870. Rather, the plaintiff's federal claim charged that, in failing to make a determination as to whether plaintiff should be granted a variance, defendants violated plaintiff's constitutional rights. *Id.* Unlike *Dubuc,* in the present case, Plaintiffs' do challenge the determination of the Defendants' that Plaintiffs' liquor license applications should be denied. In fact, Plaintiffs assert that Defendants' denial of Plaintiffs' liquor license applications violated Plaintiffs' constitutional right to equal protection and due process in that the denial was premised on unfounded charges and trivial infractions of the Naperville Municipal Liquor Control Ordinance and of provisions of state law. Complaint at ¶ 36A. Thus, *Dubuc* lends no support to Plaintiffs' argument.

In *Carras,* the Sixth Circuit held that the district court should not have abstained from claims brought pursuant to 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act because a number of the claims did not challenge the propriety of the pending state court proceedings. 807 F.2d at 1291. As to the claims which did challenge the propriety of the underlying state court proceedings, the *Carras* court held that abstention was inappropriate because the

federal suit arose from a state judicial proceeding in which the state was not a party, and therefore the state proceeding did not implicate an important state interest. *Id.* at 1291–92. *Carras* is distinguishable from the present case because, as already noted, Plaintiffs' Complaint does challenge the propriety of the underlying proceedings and because the state is a party in the underlying proceedings.

■ The only remaining question for this Court to address is whether any of the exceptions to the *Younger* doctrine apply to preclude this Court from abstaining in this case. Federal court intervention is permitted if: (1) the "state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman,* 420 U.S. at 611, 95 S.Ct. at 1212; (2) there is "an extraordinary pressing need for immediate equitable relief," *Kugler v. Helfant,* 421 U.S. 117, 124–25, 95 S.Ct. 1524, 1531, 44 L.Ed.2d 15 (1975); or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions. *Jacobson,* 824 F.2d at 570. Only the first exception is possibly applicable to the present case.

■ Under *Younger,* bad faith demonstrated by selective prosecution requires a showing that "the statute was enforced against [plaintiffs] with no expectation of convictions but only to discourage exercise of protected rights." *Carbone,* 845 F.Supp. at 538 (citing *Cameron v. Johnson,* 390 U.S. 611, 621, 88 S.Ct. 1335, 1341, 20 L.Ed.2d 182 (1968)). Thus, Plaintiffs' claim of bad faith must be supported by specific allegations from which this Court may infer that Defendants knowingly instituted frivolous proceedings before the liquor control commissioner merely for the purpose of retaliating or deterring the exercise of protected rights. *See Pincham v. Illinois Judicial Inquiry Board,* 872 F.2d 1341, 1349 (7th Cir.1989), *cert. denied,* 493 U.S. 975, 110 S.Ct. 497, 107 L.Ed.2d 501 (1989); *Collins v. County of Kendall,* 807 F.2d 95, 101 (7th Cir.1986), *cert. denied,* 483 U.S. 1005, 107 S.Ct. 3228, 97 L.Ed.2d 734 (1987).

■ In the Complaint, Plaintiffs charge that Defendants denied Plaintiffs' applica-tions not for the purpose of fairly and uniformly enforcing the Naperville Municipal Liquor Control Ordinance but for the "sole and exclusive purpose of exacting retaliation and vengeance against the Plaintiffs." Complaint at ¶ 36A. Addressing the allegation that Plaintiff Basim Esmail was found guilty for purchasing alcoholic beverages for minors, Plaintiff notes that he pled not guilty to the charge and the Circuit Court in DuPage County put him on court supervision with no fine assessed. *Id.* at 8(a). With regard to the allegation that Plaintiffs provided false information on their applications, Plaintiffs state that on every renewal application since the 1985 suspension, Plaintiffs have stated that their liquor license was never revoked but noted that it had been suspended for thirty days. *Id.* at ¶ 10. Plaintiffs also allege that Defendants ordinarily maintained a practice of ignoring misconduct which would have prevented a liquor license under Section 3–3–5 and that Defendants used Section 3–3–5 to deny Plaintiffs a liquor license merely to punish Plaintiffs for successfully challenging the city in prior legal proceedings, for conducting an advertising campaign deemed unacceptable to Defendants and for Plaintiffs' political differences with Defendant Macrane. *Id.* at ¶ 40A. Finally, Plaintiffs state that the prosecution of Plaintiff Basim Esmail for buying liquor for an underage individual was maliciously initiated and maintained to destroy Plaintiffs' business and drive them out of Naperville. *Id.* at para. 33.

Plaintiffs' claim of bad faith is supported by specific allegations from which this Court may infer that Defendants knowingly instituted proceedings before the liquor control commissioner merely for the purpose of retaliating against the Plaintiffs. Thus, this Court holds that this case presents an exception to *Younger* abstention so that this Court will not abstain at this time.

*Count I—Equal Protection*

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 50, 108 S.Ct. 2250, 2255–56, 101

L.Ed.2d 40 (1988). Defendants assert that Plaintiffs' allegation that Defendants selectively and maliciously enforced Section 3–3–5 does not constitute a constitutional violation of Plaintiffs' equal protection rights.

 For the following reasons, Defendants' assertion must be accepted. Equal protection demands at a minimum that a municipality must apply its laws in a rational and non-arbitrary way. *Yick Wo v. Hopkins,* 118 U.S. 356, 373–74, 6 S.Ct. 1064, 1072–73, 30 L.Ed. 220 (1886). This requires a showing that its application of the law "rationally furthers some legitimate, articulated state purpose and therefore does not constitute invidious discrimination." *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 17, 93 S.Ct. 1278, 1288, 36 L.Ed.2d 16 (1973). Error or mistake in the application of the law does not give rise to an equal protection claim. *Ciechon v. City of Chicago,* 686 F.2d 511, 522 (7th Cir.1982). Rather, the constitutional guarantee of equal protection of the law protects only against intentional invidious discrimination by the state against persons who are similarly situated. *Id.* at 522–23.

Plaintiffs cite *Ciechon* in support of their equal protection claim. However, the Court finds that *Ciechon* is distinguishable. In *Ciechon,* the Seventh Circuit held that, where two paramedics were equally responsible for patient assessment and treatment on all ambulance runs, the city committed an intentional act of discrimination with no rational basis when it terminated one paramedic, because of a death of a patient, but not the other. *Id.* at 523. The Seventh Circuit concluded that there was no possible justification for treating the two paramedics differently. *Id.* Rather, the record in *Ciechon* demonstrated that the city panicked because of pressure from the media and from the decedent's vengeance seeking family, and thus used the plaintiff as a scapegoat to defuse the controversy. *Id.* at 523 n. 16.

In the present case, Plaintiffs assert that Defendants invidiously discriminated against Plaintiffs when they denied Plaintiffs' liquor license applications for the purpose of retaliating against Plaintiffs. Complaint at ¶ 36A. Although Defendants allegedly denied Plain-

tiffs' applications because Plaintiff Basim Esmail had been placed on court suspension for purchasing alcohol for an underage individual and because Plaintiffs had provided false information on their applications, Plaintiffs protest that Defendants granted the applications of other persons who had engaged in the same or similar conduct. *Id.* In treating similarly situated individuals differently, Plaintiffs charge that Defendants have maliciously and intentionally discriminated against them in order to punish Plaintiffs for successfully challenging the city in prior legal proceedings, for conducting an advertising campaign deemed unacceptable to Defendants and for Plaintiffs' political differences with Defendant Macrane. *Id.* at ¶ 40A.

 What distinguishes Plaintiffs' case from that in *Ciechon* is the absence of sufficient facts which would indicate that Defendants treated applicants, similarly situated to Plaintiffs, differently, and thus intentionally discriminated against Plaintiffs for retaliatory purposes. In paragraph 36A of their Complaint, Plaintiffs attempt to detail examples of others applicants whose applications were granted and who committed infractions similar to or more significant than those allegedly committed by Plaintiffs. However, Plaintiffs do not allege that any of these individuals, who committed similar or more significant violations of the law, had their applications granted in or around the same time Plaintiffs had their applications denied. Moreover, a number of the examples cited by Plaintiffs involved licensees who had been convicted of crimes unrelated to alcohol and none of the examples involved licensees who had been convicted of alcohol related crimes *and* who had provided false information on their application. *Id.* at ¶ 36A. Consequently, Plaintiffs have not stated a claim for violation of their right to equal protection of the law because they have not shown that individuals similarly situated to Plaintiffs were treated differently. *See, Vukadinovich v. Board of School Trustees of Michigan,* 978 F.2d 403, 414 (7th Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 133, 126 L.Ed.2d 97 (1993) (holding that plaintiff had not stated an equal protection claim where plaintiff had not alleged that the defendant treated him

differently from anyone else who both had problems with alcohol and had been arrested.) The Court grants Defendants' Motion to Dismiss Count I of Plaintiffs' Complaint.

### Count II—Due Process

Although many of the of the cases Plaintiffs cite, in support of Count II, address claims of procedural due process, Plaintiffs persist that Count II states a claim of substantive due process. (Plaintiff's Memorandum in opposition to Defendants' Motion to Dismiss at 9–10.)

In determining whether the Plaintiffs have stated a claim for violation of their substantive due process rights, the Court must first decide whether Plaintiffs' claimed interest is a protected property or liberty interest under the Fourteenth Amendment. *Polenz v. Parrott*, 883 F.2d 551, 555 (7th Cir.1989). In *Reed v. Village of Shorewood*, 704 F.2d 943, 948 (7th Cir.1983), the Seventh Circuit held that, in deciding whether a liquor license was a property interest under the Fourteenth Amendment, the court must look beyond the Illinois Liquor Control Act, which described a liquor license as a personal privilege, and assess whether the license was property in the functional sense. The *Reed* court stated, "when viewed functionally, property is what is securely and durably yours, under state law, as distinct from what you hold subject to so many conditions as to make your interest meager, transitory or uncertain." *Id.* The *Reed* court stated further that, under Illinois law, a liquor license is securely and durably the licensee's because it is good for a year and because the criteria for renewal are not demanding which suggests that the Illinois legislature expected most licenses to be renewed as a matter of course. *Id.* at 948–49. Finally, because the safeguards against arbitrary revocation have been applied to prevent arbitrary non-renewal, the *Reed* court concluded that a licensee's interest in renewal is a property right for purposes of the Fourteenth Amendment. *Id.* at 949. *But see, Black Knight Restaurant v. City of Oak Forest*, 159 Ill.App.3d 1016, 111 Ill.Dec. 863, 865, 513 N.E.2d 109, 111 (1 Dist.1987) (rejecting *Reed* and holding that a license to sell liquor is not a property right and thus not subject to due process protections.) Although there appears to be some dispute as to whether a liquor license is a property right under Illinois law, under the Seventh Circuit's holding in *Reed*, the Plaintiffs clearly have a property interest in the renewal of their liquor license for the Bailey Street store.

Whether Plaintiffs have a property interest in their liquor license application for Route 59 store cannot be determined at this time. The Court assumes that the City of Naperville has an ordinance which governs the issuance of liquor licenses. However, the parties have not provided the Court with a copy of or a citation to such ordinance. If the City of Naperville's ordinance contains substantive criteria which govern the issuance of liquor licenses, then Plaintiffs, assuming they met the substantive criteria, have a property interest because their right to a liquor license is vested by virtue of their mere application. *See Wilcox v. Miller*, No. 89 C 29953, 1990 WL 304268 *3 (N.D.Ill. November 6, 1990). If, on the other hand, the Naperville ordinance governing the issuance of liquor licenses does not contain objective criteria, then Plaintiffs' interest is uncertain and transitory and not protected by the due process clause. *Id.*

Yet, even assuming Plaintiffs do have a property interest in both their renewal and their application for the liquor licenses, this Court must nevertheless dismiss Plaintiffs' substantive due process claim. The Seventh Circuit has expressed disapproval and reservations concerning the application of a substantive due process analysis to a claim based on a state created property interest. *Polenz*, 883 F.2d at 557 (citations omitted). Thus, in *Polenz*, the Seventh Circuit held that, where a plaintiff bases a substantive due process claim on a state created property interest, the plaintiff, in addition to attacking a decision of local zoning officials as arbitrary and irrational, must claim either a violation of some other substantive constitutional right or that the state law remedies are inadequate. *Id.* at 558–59. *See·Kauth v. Hartford Ins. Co. of Illinois*, 852 F.2d 951, 956–58 (7th Cir.1988).

Plaintiffs have certainly alleged that the decision of the liquor control commissioner was arbitrary and irrational. However, like the plaintiff in *Polenz*, Plaintiffs have not shown either a separate constitutional violation or the inadequacy of state law remedies. Accordingly, Plaintiffs' substantive due process claim must be dismissed.

The Court declines to exercise pendant jurisdiction over Plaintiffs' state law claim. Although a federal court may exercise pendant jurisdiction, this Court is mindful of the Supreme Court's admonition that, if the federal claims are dismissed before trial, then the state claims should be dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1972).

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Complaint is granted.